UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CITY OF LANSING**, | Case No. 1:23-cv-1164 |
| Plaintiff, | Hon. |
| v. | **DEFENDANTS' NOTICE OF REMOVAL** |
| **MERICA MEDIA GROUP**, **MICHAEL LYNN**, and **ERICA LYNN**, | Removed from the 30th Judicial Circuit Court, Ingham County (Case No. 23-732-CZ) |
| Defendants. | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Merica Media Group, Michael Lynn, and Erica Lynn, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, remove the Michigan state court civil action captioned *City of Lansing v. Merica Media Group, et al.*, Case No. 23-732-CZ (the "State Case") from the 30th Judicial Circuit Court of Michigan, to the United States District Court for the Western District of Michigan. In support of removal, Defendants provide a short and plain statement as follows:

**PROCEDURAL BACKGROUND AND TIMELINESS OF REMOVAL**

1. On October 31, 2023, Plaintiff City of Lansing ("the City") filed a complaint against Merica Media Group, Michael Lynn, and Erica Lynn (collectively, "Defendants") in Ingham County, Michigan, in the 30th Judicial Circuit Court of Michigan, Case No. 23-732-CZ (the "Complaint").

2. Also on October 31, 2023, contemporaneously with its Complaint, the City filed a Motion for Emergency Temporary Restraining Order and Order to Show Cause ("Plaintiff's Motion").

1

3. On November 1, 2023, the Honorable Wanda M. Stokes issued an *ex parte* temporary restraining order (the "TRO") restraining and enjoining the Defendants and scheduled a hearing on the City's motion for a temporary restraining order on November 7, 2023, before the Honorable Rosemarie E. Aquilina.[1]

4. Defendants were served with a Summons, the Complaint, Plaintiff's Motion, and the TRO on November 1, 2023.

5. Defendants consent to and file this Notice of Removal within the 30-day period prescribed by 28 U.S.C. § 1446(b)(1).

6. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers or exhibits provided to Defendants as of the date of removal are attached as Exhibit A.

7. The United States District Court for the Western District of Michigan embraces Ingham County, where the State Case is pending, and thus, this Court is the proper forum for removal pursuant to 28 U.S.C. §§ 89(b) and 1441(a).

8. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly served on all named parties and filed with the Clerk of the 30th Judicial Circuit Court of Michigan.

9. This Notice of Removal has been signed by the undersigned pursuant to Federal Rule of Civil Procedure 11, as required by 28 U.S.C. § 1446(a).

**GROUNDS FOR REMOVAL**

10. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . .

---

[1] The *ex parte* TRO violates Mich. Ct. R. 3.310(B)(2), which requires: "A temporary restraining order granted without notice must: … (b) describe the injury and state why it is irreparable and why the order was granted without notice…."

defendants, to the district court . . . for the district and division embracing the place where such action is pending."

11. This Court embraces Ingham County, Michigan, where the State Case was filed. Removal to this Court is thus proper from a forum and venue perspective. 28 U.S.C. § 1441(a).

12. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Thus, original "[f]ederal-question jurisdiction exists when the cause of action arises under federal law," *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020), such as in "suits brought to enforce federal statutory rights." *Barker v. Chesapeake & Ohio R.R.*, 959 F.2d 1361, 1368 (6th Cir. 1992).

13. Whether federal question jurisdiction exists is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Davis v. McCourt*, 226 F.3d 506, 510 (6th Cir. 2000).

14. However, the United State Supreme Court has recognized a "significant exception" to this rule—the complete preemption doctrine. *Caterpillar*, 482 U.S. at 393-94. The complete preemption doctrine provides that even where a complaint purports to raise only state law claims, the case may be removed if the allegations in the complaint implicate an area of law that is necessarily federal in character. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *see also Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475-76 (1998).

15. The U.S. Court of Appeals for the Sixth Circuit has held that in order for "arising under" jurisdiction to attach, "a right or immunity created by the institution or laws of the United States must be an element and an essential one, of the plaintiff's cause of action." *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 585 (6th Cir. 1990) (citations omitted); *see also Strong v.*

*Telectronics Pacing Systems, Inc*., 78 F.3d 256, 259 (6th Cir. 1996) ("Ordinarily, a defendant may remove a state court case to federal court only if [the case] could have been brought there in the first place; that is, if the federal court would have original jurisdiction over the case.").

16. A plain reading of the Complaint makes it clear that the entire basis for Plaintiff's claims center on its rights under the First Amendment to the United States Constitution. The Complaint includes an entire section entitled "Government Speech," in which it argues that Defendants have "usurped" its right to "governmental speech," which it argues is exempt from First Amendment "considerations":

> 15. That Plaintiff hereby adopts and incorporates by reference each allegation contained in this Complaint as if more specifically set forth herein;
>
> 16. It is uncontroverted that the City has the right to governmental speech and that governmental speech is exempt from 1st amendment [sic] considerations, *see*, *eg*. *Rosenberger v. Rectors and Visitors*, 515 US 819, 833 (1995); *Pleasant Grove City v. Summum*, 555 US 460 (2009);[2]
>
> 17. That Defendants' use of the City Seal in campaign materials usurps the City's right to speech by deceptively placing the imprimatur of the City on to Defendants' personal political views…

Compl. at 3.

---

[2] Defendants note for the record that the City misrepresents the holdings of both cases, neither of which are relevant to the present matter. In *Rosenberger v. Rector and Visitors of the Univ. of Virginia*, 515 U.S. 819 (1995), a student organization filed suit under 42 U.S.C. § 1983, alleging that the University of Virginia's refusal to authorize payment to its third-party vendor violated its right to freedom of speech under the First Amendment. The Court held that if a university uses tuition money to support secular groups, it must use some of those funds to support religious groups. Nothing in the holding addresses "government speech"—the entire decision centers on the free speech rights of student groups. In *Pleasant Grove City, Utah, v. Summum*, 555 U.S. 460 (2009), the Court held that a city in Utah could refuse to place a permanent monument in a public park because the placement of a permanent monument in a public park is a form of government speech and is therefore not subject to scrutiny under the Free Speech Clause of the First Amendment. Further problematic for the City is the fact that the Court explicitly held that the Free Speech Clause restricts government regulation of private speech in traditional public fora, *id*. at 469—exactly what the City is attempting to do to Defendants, except that Defendants' Facebook page is not a traditional public forum, meaning that the City has no grounds to attempt to limit their speech at all. *See Perry Educ. Assoc. v. Perry Local Educators' Assoc*. 460 U.S. 37, 45 (1983). Finally, Defendants note that the fact that the City relies solely on federal case law to support its claim that Defendants have "usurped" its "governmental speech" under the First Amendment further supports removal of the State Case to this Court.

17. The City also relies on the purported authority of the First Amendment in support of its requests for a TRO and a permanent injunction against Defendants:

> 20. That the City is likely to prevail on the merits of their case as Defendants' use of the City Seal is not one protected by the 1st amendment, and is an impermissible attempt to conflate their political opinions with the official position of the City….[3]

Compl. at 4.

18. The City's assertion that Defendants have violated the City's right to "governmental speech" under the First Amendment is not only an essential element but the *only* element of the City's claims against Defendants.

19. The City attempts to avoid federal jurisdiction by failing to include a federal claim in its Complaint. However, if an area of state law has been completely preempted, a plaintiff may not defeat federal jurisdiction by artfully pleading a federal claim as one arising solely under state law. *Metropolitan Life Insurance*, 481 U.S. at 66; *Her Majesty the Queen v. The City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). Here, the City does not even attempt to argue that it has a state claim against Defendants. The entire basis for its Complaint is that "Defendants' use of the City Seal in campaign materials usurps the City's right to speech by deceptively placing the imprimatur of the City on to Defendants' personal political views[.]" Compl. at 3. The City further argues that "the City is likely to prevail on the merits of their case as Defendants' use of the City Seal is not one protected by the 1st amendment [sic] [.]" Compl. at 4.

20. To the extent that the City has any state law claims against Defendants—which does not appear to be the case upon a plain reading of the Complaint—this Court has supplemental

---

[3] This is not accurate, as outlined in the November 1, 2018, letter from the ACLU of Michigan to the City of Ann Arbor on the use of governmental seals by private citizens (the "ACLU letter") that Defendants attached to their October 27, 2023, letter to Chris Swope, City of Lansing Clerk and signatory of the verified Complaint, and the City of Lansing Attorney. The ACLU letter is incorporated by reference in the City's filings and is attached as Exhibit B. Brief in Supp. of Plaintiff's Mot. for Prelim. Injunction and Order to Show Cause, Ex. E.

jurisdiction over such claims because they are part of the same "case or controversy" as the First Amendment issue. 28 U.S.C. § 1367(a); *see also Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998) (internal quotations omitted) ("Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.")

21. For the purposes of supplemental jurisdiction, state and federal claims form part of the same case or controversy, where they "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Here, the City's claims arise from the exact same set of operative facts and form part of the same case or controversy. *See generally* Compl. For these reasons, this Court may properly exercise supplemental jurisdiction over the City's state law claims, if they exist.

22. Because the requirements for removal and supplemental jurisdiction, set out in 28 U.S.C. §§ 1441(a) and 1367, respectively, are satisfied, removal of the State Case is proper.

**NON-WAIVER OF DEFENSES**

23. Defendants have not attempted to litigate this case in state court or taken any action that could be construed as a waiver of their right of removal.

24. By removing the above-captioned case to this Court, Defendants do not waive any of their available defenses. Defendants specifically reserve all their available defenses.

**WHEREFORE**, Defendants request that this Notice of Removal be deemed good and sufficient and that Plaintiffs' Complaint be removed from the 30th Judicial Circuit Court of Michigan into this Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action as if it had been originally commenced in this Court.

Dated: November 2, 2023                    Respectfully Submitted,

                                                   */s/ Elizabeth K. Abdnour*
                                                   Elizabeth K. Abdnour (P78203)
                                                   ABDNOUR WEIKER LLP
                                                   500 E. Michigan Ave., Ste. 130
                                                   Lansing, MI 48912
                                                   P: (517) 994-1776
                                                   F: (614) 417-5081
                                                   liz@education-rights.com

                                                   *Attorney for Defendants*

### CERTIFICATE OF SERVICE

     I hereby certify that on November 2, 2023, I electronically filed the foregoing document with the Clerk of the Court using the Court's ECF system, which will send notification of such filing to counsel of record. A copy is being served overnight via a manner of delivery to be selected by Abdnour Weiker, LLP's office manager and email to the Ingham County Circuit Court Clerk and to opposing counsel at the addresses set forth below.

                                                   */s/ Elizabeth K. Abdnour*
                                                 Elizabeth K. Abdnour

Ingham County Circuit Court Clerk
Ingham County Courthouse
315 S. Jefferson, 3rd Floor
Mason, MI 48854
nhowie@ingham.org

James D. Smiertka (P20608)
F. Joseph Abood (P42307)
Amanda K. O'Boyle (P81925)
Matthew D. Staples (P84571)
Attorneys for Plaintiff
124 W. Michigan Ave., 5th Floor
Lansing, MI 48933
CityAtty@lansingmi.gov
Joseph.Abood@lansingmi.gov
Amanda.O'Boyle@lansingmi.gov
Matthew.Staples@lansingmi.gov