

**STATE OF MICHIGAN**

**IN THE 30TH CIRCUIT COURT FOR THE COUNTY OF INGHAM**

CITY OF LANSING,

Plaintiff,

v.

MERICA MEDIA GROUP,
MICHAEL LYNN,
ERICA LYNN.

Defendants.

Case No. 23- 732-CZ

Hon. WANDA M. STOKES

James D. Smiertka (P20608)
F. Joseph Abood (P42307)
Amanda O'Boyle (P81925)
Matthew Staples (P84571)
*Attorneys for Plaintiff City of Lansing*
124 W. Michigan Avenue, 5th Floor
Lansing MI 48933
(517) 483-4320
cityatty@lansingmi.gov

RECEIVED
OCT 31 2023

**VERIFIED COMPLAINT**

NOW COMES the above-named Plaintiff, City of Lansing, a Michigan municipal corporation, by and through its attorneys, the Office of the City Attorney, and for its Complaint against Defendants, states the following:

**Parties**

1. That Plaintiff, City of Lansing, is a municipal corporation incorporated under the laws of the State of Michigan and resides in the County of Ingham and is entitled to all of the powers, privileges, and immunities accorded to home rule cities under the Michigan Constitution and the laws of the United States and the State of Michigan;
2. That Defendant, Merica Media Group LLC, is a domestic limited liability company in the

State of Michigan, doing business in the City of Lansing, County of Ingham, with a resident agent located in Lansing, Michigan;

3. That Defendant Michael Lynn is a shareholder in Merica Media Group LLC doing business in the City of Lansing and is a resident of the State of Michigan;
4. That Defendant Erica Lynn is a shareholder in Merica Media Group doing business in the City of Lansing and is a resident of the State of Michigan;

**Jurisdiction**

5. That this Court has jurisdiction over this matter pursuant to MCL 600.8035(1) for the reason that the City is seeking equitable relief;
6. That this Court has jurisdiction of this matter under the Michigan Compiled Laws 600.605, *et seq.*;
7. That venue is properly in this Court as the matter arises in the City of Lansing, County of Ingham, State of Michigan;

**Facts**

8. That the City of Lansing, pursuant to resolution #617 of its City Council, has adopted a City Seal (Exhibit A, Seal of the City of Lansing; Exhibit B, Resolution #617);
9. That resolution #617 states "Now, therefore, be it resolved the Lansing City Council, sitting in regular session this 17th day of October, 1994, hereby approves the Mayor's design for use as the official logo and Seal of the City of Lansing" (Exhibit B);
10. That resolution #617 goes on to state, "Be it further resolved the City Clerk is authorized to adapt the design for use as the new City Seal for official authentication and certification of documents and all such other uses of the City Seal as are customary" (Exhibit B);
11. That on or about October 15, 2023, Defendants made a post on the Facebook page of

Merica 20 to life, a podcast hosted by Defendants, that incorporated the City Seal into a graphic supporting urging voters to vote "yes" on the question of a general charter revision for the upcoming November 7, 2022 election (Exhibit C, graphic urging "yes" vote);

12. That Defendants did not seek or obtain the consent of the City Clerk to use the City Seal prior to posting the graphic online;

13. That on or about October 25, 2023, the City Clerk sent a letter to Defendants requesting that Defendants cease and desist use of the City Seal;

14. That the City Clerk stated in his letter that use of the City Seal in connection with advocacy for a political position is likely to cause confusion amongst Lansing residents on whether the espoused views are that of an individual or the City of Lansing.

**Government Speech**

15. That Plaintiff hereby adopts and incorporates by reference each allegation contained in this Complaint as if more specifically set forth herein;

16. It is uncontroverted that the City has the right to governmental speech and that governmental speech is exempt from 1st amendment considerations, *see, eg. Rosenberger v. Rectors and Visitors,* 515 US 819, 833 (1995); *Pleasant Grove City v. Summum*, 555 US 460 (2009);

17. That Defendants' use of the City Seal in campaign materials usurps the City's right to speech by deceptively placing the imprimatur of the City on to Defendants' personal political views;

**Count 1 – Temporary Restraining Order**

18. That Plaintiff hereby adopts and incorporates by reference each allegation contained in this Complaint as if more specifically set forth herein;

19. That the City of Lansing will suffer irreparable harm if Defendants are permitted to continue to place the imprimatur of City approval on their personal political beliefs by using the City Seal in their election advocacy;

20. That the City is likely to prevail on the merits of their case as Defendants' use of the City Seal is not one protected by the 1st amendment, and is an impermissible attempt to conflate their political opinions with the official position of the City;

21. That there is no harm to the Defendants as they are not prohibited from campaigning for, supporting, or otherwise stating their preference for a general charter revision, however, the apparent support of the City for such a proposal risks alienation of City residents opposed to the general revision, possible investigation for impermissible use of public resources in violation of the Campaign Finance Act, MCL 169, *et seq.*, and the appearance of official City interference in election matters;

22. That there is substantial public interest in the City being able to control the messaging of its official positions related to election matters, especially related to the City Charter, which functions as the governing document for the City. Furthermore, there is a substantial public interest in the voting public being able to discern between official governmental communications and those made by private actors, such as Defendants, who are seeking to influence the outcome of elections;

**Count 2 – Permanent Injunction**

23. That Plaintiff hereby adopts and incorporates by reference each allegation contained in this Complaint as if more specifically set forth herein;

24. That Defendants are a media organization and local political actors who are likely to engage in political discourse and election advocacy in the future;

25. That the considerations leading to a preliminary injunction are likely to occur on an ongoing basis as there are generally matters of local import in almost every election, regardless of the State or Federal election cycle;

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment for Plaintiff and against Defendants and grant preliminary injunctive relief mandating:

I. Issuance of a Temporary Restraining Order precluding Defendants from using the City Seal in any materials related to elections or their advocacy for political positions;

II. Issuance of an injunction preventing Defendants from using the City Seal in any materials related to elections or their advocacy for political positions in the future;

III. Finally, order all other legal or equitable relief to which Plaintiff may be entitled, including costs, interest, and attorney's fees.

**VERIFICATION**

I, Chris Swope, Clerk of the City of Lansing, have read and made this verified complaint and attest that those facts stated are of my own knowledge and true and those matters of which I have been informed I believe to be threat after reasonable inquiry.

10/30/23
Date

Chris Swope, City Clerk
City of Lansing

STATE OF MICHIGAN )
INGHAM COUNTY )

Signed and sworn to before me in Ingham County, Michigan, on October 30, 2023

/s/

Notary public, State of Michigan, County of
My commission expires July 28, 2027

BRIAN P. JACKSON
Notary Public, State of Michigan
County of Ingham
My Commission Expires Jul. 28, 2027
Acting in the County of Ingham

Acting in the County of Ingham.

Respectfully submitted,

Dated: October 30, 2023

By: /s/Matthew Staples
Matthew Staples (P84571)
*Attorney for Plaintiff City of Lansing*
124 W. Michigan Avenue, 5th Floor
Lansing MI 48933
(517) 483-4320
cityatty@lansingmi.gov

# EXHIBIT A


LANSING
MICHIGAN

# EXHIBIT B

Oct. 17, 1994



RESOLVED BY THE CITY COUNCIL OF THE CITY OF LANSING

THAT the regular scheduled meeting of the Lansing City Council on October 31, 1994, at 7:00 p.m., in the Tenth Floor Chambers of Lansing City Hall is hereby changed by an affirmative vote of the Committee of the Whole to Tuesday, November 1, 1994, at 7:00 p.m., in the Tenth Floor Chambers of Lansing City Hall. The City Clerk is directed to take the necessary steps in compliance with the Open Meetings Act.

By Councilmember Benavides

ADOPTED BY THE FOLLOWING VOTE:

NAYS: 1 (Councilmember Beal Absent)

RESOLUTION #616
BY THE COMMITTEE OF THE WHOLE

RESOLVED BY THE CITY COUNCIL OF THE CITY OF LANSING

WHEREAS, in conjunction with National Make A Difference Day and National Learning Disabilities Month, the first annual Learning Disabilities Awareness Walk/Run will be held on Saturday, October 22, 1994; and

WHEREAS, this non-competitive 5K walk/run will kick off at 10 AM at the Potter Park Zoo entrance and use the eastern portion of the River Trail; and

WHEREAS, proceeds from this family-oriented event will benefit Learning Disabilities Families and Friends, a non-profit volunteer organization formed in Lansing in 1989 and dedicated to promoting learning disability awareness;

NOW, THEREFORE, BE IT RESOLVED the Lansing City Council hereby encourages the People of the Capital City to 'Make a Difference' on Saturday, October 22, 1994, by participating in or supporting the first annual Learning Disabilities Awareness Walk/Run.

By Councilmember Benavides

ADOPTED BY THE FOLLOWING VOTE:

YEAS: 7

NAYS: 1 (Councilmember Beal absent)

RESOLUTION #617
BY COMMITTEE OF THE WHOLE

RESOLVED BY THE CITY COUNCIL OF THE CITY OF LANSING

WHEREAS, the Mayor has proposed adopting a new logo and City Seal in conjunction with the development of a new positive image for the City of Lansing; and

WHEREAS, the design of the proposed logo and City Seal has been examined and approved by the Committee on Ways and Means, the Committee on General Services, and the Committee of the Whole;

NOW, THEREFORE, BE IT RESOLVED the Lansing City Council, sitting in regular session this 17th day of October, 1994, hereby approves the Mayor's design for use as the official logo and Seal of the City of Lansing; and

BE IT FURTHER RESOLVED the City Clerk is authorized to adapt the design for use as the new City Seal for official authentication and certification of documents and all such other uses of the City



Seal as are customary.

By Councilmember Benavides

ADOPTED BY THE FOLLOWING VOTE:

YEAS: 7

NAYS: 1 (Councilmember Beal absent)

Item XII D-7, A Resolution of Tribute to Michael Welch, was pulled from the Agenda at the request of Councilmember Brockwell and held for presentation at next week's meeting

ORDINANCES FOR INTRODUCTION

There were no Ordinances for Introduction

ORDINANCES FOR PASSAGE

There were no Ordinances for Passage

CONSIDERATION OF LATE ITEMS

1. From Councilmember Allen; a request for the installation of street lighting on Sycamore St. between Washington and Allegan from Richard Burch of P.O. Box 17074

REFERRED TO THE COMMITTEE ON PUBLIC SAFETY AND THE BOARD OF WATER AND LIGHT

2. From Councilmember Allen; a letter from Gary Ferris of 4113 Hillborn Ln. requesting the installation of street lighting in the Wainwright Park area

REFERRED TO THE COMMITTEE ON PUBLIC SAFETY AND THE BOARD OF WATER AND LIGHT

3. From Councilmember Allen; a letter from Joyce and Irvin Schirado of 716 Samantha containing Petition signatures of 21 residents in the area of Samantha and Emily streets requesting the installation of stop signs at the north and south corners of the S. Cedar St. service road

REFERRED TO THE TRAFFIC BOARD AND THE COMMITTEE ON PUBLIC SAFETY

4. From Councilmember Benavides; a letter from Mayor Hollister requesting a transfer of funds from the proceeds of the sale of the Filley St. property

REFERRED TO THE COMMITTEE ON WAYS AND MEANS

5. From Councilmember Benavides; a resolution authorizing payment of a judgement in the matter of Indiana Insurance Co. vs City of Lansing

REFERRED TO THE COMMITTEE ON WAYS AND MEANS

6. From Councilmember Benavides; a letter from Assistant City Attorney Burt Burleson requesting an audit and investigation into grant funded positions

REFERRED TO THE COMMITTEE ON WAYS AND MEANS

7. From Councilmember Lilly; a letter from Council Staff requesting a change to Council Rule #19 regarding the deadline for submission of Agenda Items to the City Clerk's Office

REFERRED TO THE COMMITTEE ON GENERAL SERVICES

COUNCILMEMBER'S COMMENTS

Councilmember Beal confirmed the regularly scheduled meeting of the Public Services Committee tomorrow at 4:15 P.M. They will

# EXHIBIT C


LANSING
MICHIGAN
NOV 7th
VOTE YES ON
CHARTER GENERAL
REVISION


"Our time is now"
MERICA
20 to LIFE
FOR MORE INFO CALL:
517-574-8031







**STATE OF MICHIGAN**

**IN THE 30TH CIRCUIT COURT FOR THE COUNTY OF INGHAM**

---

CITY OF LANSING,

Plaintiff,

v.

MERICA MEDIA GROUP,
MICHAEL LYNN,
ERICA LYNN.

Defendants.

Case No. 23- 732 -CZ

Hon. WANDA M. STOKES

---

James D. Smiertka (P20608)
F. Joseph Abood (P42307)
Amanda O'Boyle (P81925)
Matthew Staples (P84571)
*Attorneys for Plaintiff City of Lansing*
124 W. Michigan Avenue, 5th Floor
Lansing MI 48933
(517) 483-4320
cityatty@lansingmi.gov

RECEIVED

OCT 31 2023

---

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

NOW COMES Plaintiff City of Lansing, by and through its attorneys, the Office of the City Attorney, pursuant to MCR 3.310(B), presents a Motion for Entry of Temporary Restraining Order and Order to Show Cause and states as follows:

1. That the City of Lansing has established, per resolution of the Lansing City Council # 617, an official City Seal;

2. That Defendants have affixed the City Seal to advertisements advocating for city residents to vote "yes" regarding a ballot question on whether to open a general revision of the Charter of the City of Lansing;
3. That Defendants do not have the consent of the City of Lansing to attach its official Seal to any documents, advertisements, or other publications;
4. That use of the City Seal in this manner by Defendants risks conflating their personal political beliefs with those of the City of Lansing or be perceived as government speech or endorsement of Defendants' speech;
5. That the City of Lansing has significant equitable and legal interests in controlling the political messages ascribed to it and that Defendants' use of the City Seal could lead city residents to believe that their personal position is that of the City of Lansing or that the City of Lansing is engaging in illegal campaign activities;
6. That on or about October 23, 2023, the City of Lansing sent a letter to Defendants' requesting that they cease and desist such use of the City Seal;
7. That Defendants' response was to dismiss the City's request and threaten litigation against the City;
8. That the City of Lansing will suffer irreparable harm by Defendants' continued impermissible use of the City Seal to place the imprimatur of official City approval on their personal political beliefs;
9. That the public interest supports the ability of the City to establish official communications regarding elections and political issues, and that allowing Defendants' to usurp that role to support their personal political views is likely to sow confusion and animosity amongst city residents;

10. That there is a general election set for November 7, 2023, where the question of charter revision will be put to the residents of the City of Lansing;

11. That this motion is made pursuant to MCR 3.310(B) and is filed contemporaneously with, and supported by, a verified complaint with exhibits thereto and brief in support;

12. That Defendants' refusal to cease and desist use of the City Seal in political advocacy for their private political beliefs necessitates judicial intervention;

WHEREFORE, for the foregoing reasons and as more fully set forth in Plaintiff's brief in support, Plaintiff City of Lansing respectfully requests this Honorable Court grant Plaintiff's Motion for a Temporary Restraining Order and Order to Show Cause, impose a Temporary Restraining Order prohibiting the Defendants' use of the City Seal to advocate for a political position until a judicial determination is made in this matter, and award all such other relief the court deems appropriate including costs and attorney fees.

Respectfully Submitted,

Date: October 30, 2023

/s/ Matthew D. Staples
James D. Smiertka (P20608)
F. Joseph Abood (P42307)
Amanda K. O'Boyle (P81925)
Matthew D. Staples (P84571)
*Attorneys for Plaintiff*
124 W. Michigan Ave., 5th Floor
Lansing, MI 48933
(517) 483-4320




STATE OF MICHIGAN

IN THE 30TH CIRCUIT COURT FOR THE COUNTY OF INGHAM

CITY OF LANSING,

Plaintiff,

v.

MERICA MEDIA GROUP,
MICHAEL LYNN,
ERICA LYNN.

Defendants.

Case No. 23-732 -CZ

Hon. WANDA M. STOKES

James D. Smiertka (P20608)
F. Joseph Abood (P42307)
Amanda O'Boyle (P81925)
Matthew Staples (P84571)
*Attorneys for Plaintiff City of Lansing*
124 W. Michigan Avenue, 5th Floor
Lansing MI 48933
(517) 483-4320
cityatty@lansingmi.gov

**TEMPORARY RESTRAINING ORDER**

At a session of court held in the courthouse
in Ingham County, Michigan on the
___ day of _________ 2023.

**PRESENT: HONORABLE** ___________________________

This Honorable Court has considered Plaintiff's Verified Complaint, Motion for Temporary Restraining Order, and Brief in support with exhibits:

**IT IS ORDERED:**

That Defendants are enjoined from using the City Seal in any document, publication, or other form of physical or electronic media, in support of their personal political beliefs in any manner that conveys a false impression of sponsorship or approval by the City of Lansing.

___________________________

Circuit Court Judge




STATE OF MICHIGAN

IN THE 30TH CIRCUIT COURT FOR THE COUNTY OF INGHAM

CITY OF LANSING,

Plaintiff,

v.

MERICA MEDIA GROUP,
MICHAEL LYNN,
ERICA LYNN.

Defendants.

Case No. 23-732-CZ

Hon. WANDA M. STOKES

James D. Smiertka (P20608)
F. Joseph Abood (P42307)
Amanda O'Boyle (P81925)
Matthew Staples (P84571)
*Attorneys for Plaintiff City of Lansing*
124 W. Michigan Avenue, 5th Floor
Lansing MI 48933
(517) 483-4320
cityatty@lansingmi.gov

RECEIVED
OCT 31 2023

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND ORDER TO SHOW CAUSE**

**STATEMENT OF FACTS**

On October 15, 2023, a post was made on the Merica 20 to Life Facebook page of a graphic, designed to look similar to many City of Lansing press releases and graphics, encouraging city residents to vote "yes" in favor of a general revision of the Charter of the City of Lansing. (Exhibit A, Facebook post). Merica 20 to Life is a podcast, hosted by Defendants, and subsumed under the umbrella of Merica Media LLC. This post contained the official Seal of the City of Lansing. (Exhibit B, City Seal). The current City Seal was recognized as the official City Seal in 1994 by resolution #617 of the Lansing City Council. (Exhibit C, Resolution #617).

On October 23, 2023, the Clerk of the City of Lansing, acting in his capacity as keeper of the City Seal and custodian of elections, sent a letter to Defendants demanding that they cease and desist use of the City Seal to advocate for their personal political beliefs. (Exhibit D, Cease and Desist letter). Defendants, by and through their attorney, Elizabeth Abdnour, responded with a dismissive and bombastic letter, threatening litigation against the City. (Exhibit E, Response to Cease and Desist). The City now moves this court to enjoin Defendants' use of the City Seal in election materials which would lend the imprimatur of the City to Defendant's personal political beliefs.

**LAW**

Temporary restraining orders are governed by MCR 3.310(B). In deciding whether to grant injunctive relief the Court will consider:

1) The likelihood that the party seeking the injunction will prevail on the merits;
2) The danger that the party seeking the injunction will suffer irreparable injury if the injunction is not issued;
3) The risk that the party seeking the injunction would be harmed more by the absence of an injunction than the opposing party would be by the granting of relief;
4) The harm to the public interest if the injunction is issued.

*Fancy v. Egrin*, 177 Mich App 714, 719; 442 N.W.2d 765 (1989); *State Employees Ass'n v Department of Mental Health,* 421 Mich 152; 365 NW2d 93 (1984).

"Stated another way, injunctive relief is an extraordinary remedy that issues only when justice requires, there is no adequate remedy at law, and there exists a real and imminent danger of irreparable injury." *Pontiac Fire Fighters Union Local 376 v. City of Pontiac*, 482 Mich. 1, 9. (citation and quotation marks omitted). For harm to be irreparable, it must be "a noncompensable injury for which there is no legal measure of damages for which damages cannot be determined with a sufficient degree of certainty." *Thermatool Corp v Borzym*, 227

Mich App 366, 377; 575 NW2d 334 (1998).

***a) The City of Lansing is likely to prevail on the merits.***

By placing the City Seal on a flyer espousing their personal political beliefs, Defendants have usurped the City's right to governmental speech and impermissibly given the imprimatur of the City to their personal political beliefs. "A government has the right to speak for itself. It is entitled to say what it wishes and to select the views that it wants to express." *Pleasant Grove City, Utah v. Summum*, 555 US 460, 467-68 (2009). The City of Lansing is prohibited from using public resources to support a political issue by the Michigan Campaign Finance Act, MCL 169.257, *et seq*. Defendant's impermissible use of the City Seal on a flyer advocating for a position on a local ballot creates the impermissible appearance of the City advocating for a position on a local ballot issue.

Furthermore, Defendants are not engaging in a form of protected, political speech in their use of the City Seal. "The interest in preventing private individuals or entities from conveying the false impression of having governmental sponsorship or approval is surely an important one." *Rothamel v. Fluvanna County, VA* 810 F. Supp 2d 771, 785 (W.D. VA, 2011). As shown above, the City has the right to control its speech and not have private individuals and entities, such as Defendants, usurp that right and claim to lend official sanction to their personal political beliefs.

***b) The City of Lansing will suffer immediate and irreparable harm if Defendants are allowed to continue to usurp its speech rights.***

Defendants conduct not only risks embroiling the City in legal battles over perceived violations of the Michigan Campaign Finance Act, but also risks city residents being misled about or feeling disenfranchised in the upcoming November 7, 2023, election. As outlined

above, the City's use of public resources to support a ballot question is illegal under Michigan law. To an outside observer, Defendants' post has no indication that it is not an official communication from the City of Lansing. It contains an extremely large version City Seal, uses the "our time is now" motto used by the current administration, and contains no other identifying information other than a small Merica 20 to Life seal and a non-descript 517 area code phone number. The post is clearly designed to look like a professional press release. As such, it is extremely likely that an individual would view it as an official communication from the City of Lansing, and, therefore, a campaign finance violation. There is no appropriate legal remedy to such a use. The City's sole recourse is to ask this court to enjoin Defendants use of the Seal in such a manner.

Additionally, Defendants actions are likely to not only confuse but, potentially, disenfranchise residents of the City. As with any political question, there are a wide range of opinions and beliefs about the appropriate course of action. There are, undoubtedly, many city residents who believe in Defendants' position in favor of a Charter revision. However, there are also likely many city residents who do not. Defendants' actions in impermissibly placing the imprimatur of city approval on their personal political beliefs risks the alienation and disenfranchisement of those who do not support their position. Again, the City has no adequate remedy at law for such actions, as the damage to its apparent legitimacy in the eyes of its residents is not readily calculated in dollars and cents. Therefore, the City again asks this court to enjoin Defendants' use of the City Seal to inappropriately give the imprimatur of City approval to their personal political beliefs.

***c) The City will be harmed more by the lack of an injunction than the Defendants will be by its issuance.***

As illustrated above, Defendants' use of the City Seal in their advocacy for a charter review commission impermissibly usurps the City's speech rights, places the City at risk of legal action against it, and risks confusing and alienating city residents. In contrast, enjoining Defendants use of the City Seal has almost no impact on their ability to advocate for a charter revision commission. Defendants would continue to be able to make all the posts, flyers, or broadcasts they want in favor of revision, they would simply not be able to use the City Seal to do so. Defendants' advocacy of their position is not at issue before this court, only their attempt to impermissibly cloak themselves in the trappings of the City to do so. Again, without a temporary restraining order and ultimate injunctive relief, the City bears great risk of litigation and general disfavor, while the Defendants' lose nothing by being so enjoined.

***d) The Public Interest Supports issuance of a Temporary Restraining Order.***

As discussed by the *Rothamel* court above, there is a substantial governmental and public interest in ensuring that private individuals and organizations do not illegitimately convey governmental sanction or sponsorship of their ideas. The public has a right to understand whether a communication is an official statement of their government or the personal beliefs of a private citizen or organization. Otherwise, it is impossible for the public to know if, for example, an email stating that a polling location has moved is a legitimate communication from their elected officials or an attempt by a private actor to disenfranchise them. Similarly, the Michigan Campaign Finance Act prohibits public sponsorship of candidates and ballot proposals for that very reason. Governmental sponsorship or sanction of a position or ideal extremely powerful. Allowing a private individual or group to usurp that right and speak while cloaked with the power of the State would be of immense damage to the public interest.

## CONCLUSION

For all the foregoing, Plaintiff respectfully requests the Honorable Court grant Plaintiff's Motion for a Temporary Restraining Order and Order to Show Cause, impose a Temporary Restraining Order prohibiting Defendants from using the City Seal to advocate for their personal political beliefs until a judicial determination is made in this matter, and award all such other relief the court deems appropriate.

Respectfully Submitted,

Date: October 30, 2023

/s/ Matthew D. Staples
James D. Smiertka (P20608)
F. Joseph Abood (P42307)
Amanda K. O'Boyle (P81925)
Matthew D. Staples (P84571)
*Attorneys for Plaintiff*
124 W. Michigan Ave., 5th Floor
Lansing, MI 48933
(517) 483-4320

# EXHIBIT A




"Our time is now"

MERICA 20 to LIFE

FOR MORE INFO CALL:
517-574-8031

# EXHIBIT B


LANSING
MICHIGAN

# EXHIBIT C

Oct. 17, 1994



RESOLVED BY THE CITY COUNCIL OF THE CITY OF LANSING

THAT the regular scheduled meeting of the Lansing City Council on October 31, 1994, at 7:00 p.m., in the Tenth Floor Chambers of Lansing City Hall is hereby changed by an affirmative vote of the Committee of the Whole to Tuesday, November 1, 1994, at 7:00 p.m., in the Tenth Floor Chambers of Lansing City Hall. The City Clerk is directed to take the necessary steps in compliance with the Open Meetings Act.

By Councilmember Benavides

ADOPTED BY THE FOLLOWING VOTE:

NAYS: 1 (Councilmember Beal Absent)

RESOLUTION #616
BY THE COMMITTEE OF THE WHOLE

RESOLVED BY THE CITY COUNCIL OF THE CITY OF LANSING

WHEREAS, in conjunction with National Make A Difference Day and National Learning Disabilities Month, the first annual Learning Disabilities Awareness Walk/Run will be held on Saturday, October 22, 1994; and

WHEREAS, this non-competitive 5K walk/run will kick off at 10 AM at the Potter Park Zoo entrance and use the eastern portion of the River Trail; and

WHEREAS, proceeds from this family-oriented event will benefit Learning Disabilities Families and Friends, a non-profit volunteer organization formed in Lansing in 1989 and dedicated to promoting learning disability awareness;

NOW, THEREFORE, BE IT RESOLVED the Lansing City Council hereby encourages the People of the Capital City to 'Make a Difference' on Saturday, October 22, 1994, by participating in or supporting the first annual Learning Disabilities Awareness Walk/Run.

By Councilmember Benavides

ADOPTED BY THE FOLLOWING VOTE:

YEAS: 7

NAYS: 1 (Councilmember Beal absent)

RESOLUTION #617
BY COMMITTEE OF THE WHOLE

RESOLVED BY THE CITY COUNCIL OF THE CITY OF LANSING

WHEREAS, the Mayor has proposed adopting a new logo and City Seal in conjunction with the development of a new positive image for the City of Lansing; and

WHEREAS, the design of the proposed logo and City Seal has been examined and approved by the Committee on Ways and Means, the Committee on General Services, and the Committee of the Whole;

NOW, THEREFORE, BE IT RESOLVED the Lansing City Council, sitting in regular session this 17th day of October, 1994, hereby approves the Mayor's design for use as the official logo and Seal of the City of Lansing; and

BE IT FURTHER RESOLVED the City Clerk is authorized to adapt the design for use as the new City Seal for official authentication and certification of documents and all such other uses of the City



Seal as are customary.

By Councilmember Benavides

ADOPTED BY THE FOLLOWING VOTE:

YEAS: 7

NAYS: 1 (Councilmember Beal absent)

Item XII D-7, A Resolution of Tribute to Michael Welch, was pulled from the Agenda at the request of Councilmember Brockwell and held for presentation at next week's meeting

ORDINANCES FOR INTRODUCTION

There were no Ordinances for Introduction

ORDINANCES FOR PASSAGE

There were no Ordinances for Passage

CONSIDERATION OF LATE ITEMS

1. From Councilmember Allen; a request for the installation of street lighting on Sycamore St. between Washington and Allegan from Richard Burch of P.O. Box 17074

REFERRED TO THE COMMITTEE ON PUBLIC SAFETY AND THE BOARD OF WATER AND LIGHT

2. From Councilmember Allen; a letter from Gary Ferris of 4113 Hillborn Ln. requesting the installation of street lighting in the Wainwright Park area

REFERRED TO THE COMMITTEE ON PUBLIC SAFETY AND THE BOARD OF WATER AND LIGHT

3. From Councilmember Allen; a letter from Joyce and Irvin Schirado of 716 Samantha containing Petition signatures of 21 residents in the area of Samantha and Emily streets requesting the installation of stop signs at the north and south corners of the S. Cedar St. service road

REFERRED TO THE TRAFFIC BOARD AND THE COMMITTEE ON PUBLIC SAFETY

4. From Councilmember Benavides; a letter from Mayor Hollister requesting a transfer of funds from the proceeds of the sale of the Filley St. property

REFERRED TO THE COMMITTEE ON WAYS AND MEANS

5. From Councilmember Benavides; a resolution authorizing payment of a judgement in the matter of Indiana Insurance Co. vs City of Lansing

REFERRED TO THE COMMITTEE ON WAYS AND MEANS

6. From Councilmember Benavides; a letter from Assistant City Attorney Burt Burleson requesting an audit and investigation into grant funded positions

REFERRED TO THE COMMITTEE ON WAYS AND MEANS

7. From Councilmember Lilly; a letter from Council Staff requesting a change to Council Rule #19 regarding the deadline for submission of Agenda Items to the City Clerk's Office

REFERRED TO THE COMMITTEE ON GENERAL SERVICES

COUNCILMEMBER'S COMMENTS

Councilmember Beal confirmed the regularly scheduled meeting of the Public Services Committee tomorrow at 4:15 P.M. They will

# EXHIBIT D




# Chris Swope

## Lansing City Clerk

October 25, 2023

Mr. Michael and Mrs. Erica Lynn
3200 S. Cedar St.
Lansing, MI 48910

Dear Mr. and Mrs. Lynn,

The City of Lansing has been made aware that a post, dated October 15, 2023, on Michael Lynn's Facebook page urging voters to vote "yes" on the charter amendment question in the November 7, 2023 election contains the Seal of the City of Lansing.

Be advised that Lansing City Council Resolution #617 states, "Now, therefore, be it resolved that the Lansing City Council, sitting in regular session this 17th day of October, 1994, hereby approves the Mayor's design for use as the official logo and Seal of the City of Lansing." Furthermore, the resolution states, "Be it further resolved that the City Clerk is authorized to adapt the design for use as the new City Seal for official authentication and certification of documents and all such other uses of the City Seal as are customary."

As established by Resolution # 617, the City Clerk is the custodian of the Seal of the City of Lansing. You are **NOT** authorized by this office to use the City Seal. Additionally, as administrator of elections for the City of Lansing, any use of the Seal in materials related to elections that are not expressly approved by this office is inappropriate and risks confusing the residents of the City of Lansing.

Therefore, the City of Lansing requests that you immediately cease and desist any and all use of the Seal of the City of Lansing in any advertisement, publication, or other representation by yourself, Merica 20 to Life, the Village Lansing or any other related entity.

Continued unpermitted use will lead to the city availing itself of all appropriate civil and legal remedies.

Sincerely,

Chris Swope

Chris Swope, MMC/MiPMC
Lansing City Clerk

124 West Michigan Avenue – 9th Floor – Lansing, Michigan 48933
Phone: (517) 483-4131 – Fax: (517) 377-0068
www.lansingmi.gov/clerk - city.clerk@lansingmi.gov

# EXHIBIT E

Elizabeth K. Abdnour, Esq. (OH, MI)
Coriann Gastol, Esq. (MI)
Jessica N. Moore, Esq. (OH)
Ruth Pack-Adler, Esq. (OH)
Danielle E. Randolph, Adv. (OH, MI, PA)
Kevin C. Rouch, Esq. (OH)
Amy N. Solaro, Esq. (OH)
Josh T. Sollenberger, Esq. (PA)
Renee A. Stromski, Esq. (OH)
Mark A. Weiker, Esq. (OH, MI, PA)




Lawyers4Students.com

Columbus: (614) 745-2001
Cincinnati: (513) 496-1635
Cleveland: (216) 714-1515
Detroit: (248) 487-1645
Lansing: (517) 994-1776
Pittsburgh: (412) 903-3700
Philadelphia: (215) 234-1732

October 27, 2023

*Delivery Via Electronic Mail Only*

Chris Swope
Lansing City Clerk
City Hall
124 W Michigan Avenue
Lansing, MI 48933
Email: city.clerk@lansingmi.gov

Re: Your violation of my clients' First Amendment rights

Dear Mr. Swope:

I represent Merica20toLife regarding the "cease and desist" letter you sent to Michael and Erica Lynn on October 25, 2023, attached. In this letter, you, a City of Lansing elected official, violated the First Amendment to the U.S. Constitution by attempting to silence my clients' free speech. I was shocked but, honestly, secretly pleased to see you making absurd legal threats in the letter; most people in positions like yours wisely leave the lawyering to the lawyers so that people like me who try to find reasons to sue governments as a hobby don't have any extra ammunition.

I am attaching a letter sent from the ACLU of Michigan to the City of Ann Arbor in 2018 on the question of whether government bodies may enact or enforce ordinances which limit citizens' use of governmental seals. As the ACLU details far better than I could, such actions are a clear First Amendment violation; further, the City of Lansing ordinance upon which you rely in your letter is unlawful. Given that your most recent post on X, attached, is a retweet of an ACLU national post emphasizing the importance of the First Amendment, I assume you respect and will comply with the ACLU's legal analysis.

I therefore write to demand that you cease and desist from demanding that my clients cease and desist from exercising their constitutionally protected free speech rights. Should you continue to pursue this course of action, I will relish the opportunity to file an absolute slam dunk of a First Amendment lawsuit against the City of Lansing on Merica20toLife's behalf.

Very truly yours,
ABDNOUR WEIKER, L.L.P.

***/s/ Elizabeth K. Abdnour***

Attachments
cc: Jim Smiertka (CityAtty@lansingmi.gov)
Michael and Erica Lynn (merica20tolife@gmail.com)
Dan Korobkin (dkorobkin@aclumich.org)




STATE OF MICHIGAN

IN THE 30TH CIRCUIT COURT FOR THE COUNTY OF INGHAM

CITY OF LANSING,

Plaintiff,

v.

MERICA MEDIA GROUP,
MICHAEL LYNN,
ERICA LYNN.

Defendants.

Case No. 23-737 -CZ

Hon. WANDA M. STOKES

James D. Smiertka (P20608)
F. Joseph Abood (P42307)
Amanda O'Boyle (P81925)
Matthew Staples (P84571)
*Attorneys for Plaintiff City of Lansing*
124 W. Michigan Avenue, 5th Floor
Lansing MI 48933
(517) 483-4320
cityatty@lansingmi.gov

Ex-Parte **TEMPORARY RESTRAINING ORDER**

At a session of court held in the courthouse
in Ingham County, Michigan on the
1st day of November 2023.

**PRESENT: HONORABLE** Wanda M. Stokes

This Honorable Court has considered Plaintiff's Verified Complaint, Motion for Temporary Restraining Order, and Brief in support with exhibits:

**IT IS ORDERED:**

That Defendants are enjoined from using the City Seal in any document, publication, or other form of physical or electronic media, in support of their personal political beliefs in any manner that conveys a false impression of sponsorship or approval by the City of Lansing.

A hearing shall be held in regard to the above-referenced matter on November 7, 2023 at 1:00 pm before the Honorable Rosemarie E. Aquilina at Veterans Memorial Courthouse, 313 W. Kalamazoo St., Courtroom 5, Lansing, MI 48933, on behalf of Judge Stokes.

Rosemarie E. Aquilina P37670
for Hon. Wanda M. Stokes
Circuit Court Judge