**EXHIBIT B**

November 1, 2018

Christopher Taylor, Mayor
Stephen Postema, City Attorney
City of Ann Arbor
301 E. Huron St.
P.O. Box 8647
Ann Arbor, MI 48107

Re:  Unconstitutional City Seal and Flag Ordinance

Dear Mayor Taylor and Mr. Postema:

Recently the City of Ann Arbor adopted a local ordinance prohibiting unauthorized displays of the city seal and city flag. Such a restriction is clearly unconstitutional. We strongly urge the city to repeal the ordinance, and in the meantime the city attorney's office should disclaim any intent to enforce it.

## Background

In July 2018, the Ann Arbor City Council adopted Ordinance 18-17, City Seal and Flag. (See Exhibit A.) The ordinance lists various approved uses of the city seal and city flag by city employees engaged in official city business. It then warns that private citizens must obtain the mayor's approval if they wish to display any "likeness" of the city seal or city flag, and it limits approval for such display to that which "promotes the interest of the city" and is not "detrimental to the image of the city." The ordinance further prohibits "any person" from displaying the city seal or city flag on "any written or printed materials that are not official city publications." And for any violation, it threatens a fine of up to $10,000.00.

In August, the Ann Arbor city attorney's office served a "notice to cease and desist" on the operators of localwiki.org. Localwiki.org is a nonprofit organization based in California that publishes an encyclopedia-style website (similar to Wikipedia) dedicated to the collaborative sharing of information and knowledge about communities at a local level. Through its cease-and-desist letter, which also threatened localwiki.org with a $10,000 fine, the city demanded that localwiki.org remove its online display of an image of the city seal at https://localwiki.org/ann-arbor/Seal_of_the_City_of_Ann_Arbor. This innocuous encyclopedia-style article provides information, in a satirical style, about the tree that appears on Ann Arbor's city seal. By separate correspondence, the city attorney's office asked Edward Vielmetti, an Ann Arbor resident, to remove the "illicit content" from the localwiki.org page.

Since that time, Mayor Taylor has advised localwiki.org and Mr. Vielmetti that, pursuant to his powers under the ordinance, he "approved" of the website's "use" of the city seal. Therefore, it appears that localwiki.org's



**ACLU Michigan**

State Headquarters
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6800
aclumich.org

West Michigan
Regional Office
1514 Wealthy Street SE
Suite 242
Grand Rapids, MI 49506
(616) 301-0930

Legislative Office
115 West Allegan
Lansing, MI 48933
(517) 372-8503

online display of the image is no longer subject to the penalties threatened in the city's initial letter.

## The City Seal and Flag Ordinance Violates the First Amendment

The City Seal and Flag Ordinance is unconstitutional on its face. Unlike commercial products, a city seal and flag do not enjoy trademark protection. As a content-based restriction on speech, the ordinance is subject to strict scrutiny and cannot survive that rigorous test. And requiring the mayor's permission to display the seal or flag is a classic unconstitutional prior restraint on speech.

In *Rothamel v. Fluvanna Cty., Va.*, 810 F. Supp. 2d 771 (W.D. Va. 2011), a federal court struck down as facially unconstitutional an ordinance that is in all material respects identical to Ann Arbor's. And in *Renna v. County of Union, N.J.*, 88 F. Supp. 3d 310 (D.N.J. 2014), a federal court warned that a government's attempt to restrict private citizen's display of a county seal for expressive purposes would likely violate the First Amendment. In light of these well-reasoned decisions, and as explained below, Ann Arbor's ordinance is clearly unconstitutional as well.

First, it is clear under federal trademark law that a municipality has no power to restrict the display of its seal or flag. *In re Houston*, 731 F.3d 1326 (Fed. Cir. 2013); *Renna, supra*; *see also* 15 U.S.C. § 1502(b). Thus, to whatever extent the city might be permitted to forbid by local ordinance displays that are already protected from infringement under trademark law, no such trademark protection applies to the Ann Arbor seal or flag.

Consequently, the ordinance must be scrutinized under the First Amendment, which sharply curtails the government's power "to restrict expression because of its message, its ideas, its subject matter, or its content." *Police Dep't of Chicago v. Mosley*, 408 U.S. 92, 95 (1972). "Content-based laws—those that target speech based on its communicative content—are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests." *Reed v. Town of Gilbert, Ariz.*, 135 S. Ct. 2218, 2226 (2015).

The ordinance unquestionably restricts constitutionally protected speech and expression, and the restriction is content-based. Online content such as that found on localwiki.org's site is speech protected by the First Amendment, *Reno v. ACLU*, 521 U.S. 844 (1997), as is the public display of flags, images, and other symbols such as the tree on Ann Arbor's city seal, *Texas v. Johnson*, 491 U.S. 397 (1989); *Hurley v. Irish-Am. Gay, Lesbian and Bisexual Group of Boston*, 515 U.S. 557 (1995). The ordinance is content-based because one must examine the content of speech to determine whether it is restricted: only materials that display the seal or flag are covered by the law. *See Reed, supra.* Further, it is content-based because it allows approved displays of the flag or seal only if they only "promote[] the interest of the city" and not if they are "detrimental to the image of the city." *See Boos v. Barry*, 485 U.S. 312 (1988).

Content-based laws are subject to strict scrutiny, and rarely survive that rigorous test. "Requiring [the government] to demonstrate a compelling interest and show that it has adopted the least restrictive means of achieving that interest is the most demanding test known to constitutional law." *City of Boerne v. Flores*, 521 U.S. 507, 534 (1997). It is unclear what compelling interests the city believes the ordinance serves, but given the breadth of the ordinance's restrictions it is obvious that the ordinance is not narrowly tailored to any compelling interest the city could possibly assert. For example, the ordinance restricts purely private displays

of the seal or flag, even when nothing about the display would misleadingly state or imply the city's approval or involvement. It likewise prohibits private citizens from displaying images of the seal or flag in order to explain their history, or even to mock or level political criticism against the symbols or the city. Such extreme overbreadth, which directly impairs the freedom of expression for no legitimate reason, is the opposite of narrowly tailored.

Additionally, the ordinance operates as a classic unconstitutional prior restraint on speech because it requires private citizens to obtain the mayor's permission before displaying the seal or flag. *Watchtower Bible & Tract Soc'y of New York, Inc. v. Vill. of Stratton*, 536 U.S. 150 (2002); *Forsyth Cty., Ga. v. Nationalist Movement*, 505 U.S. 123 (1992). Only in rare circumstances may the government require private citizens to obtain permission to speak, and then only when discretion to grant to deny permission is sharply circumscribed, content-neutral, and time-limited. As none of those conditions obtain here, the ordinance is an unconstitutional prior restraint.

### The City Should Immediately Repeal the Ordinance

The fact that Mayor Taylor recently exercised discretion to "approve" localwiki.org's online display of the city seal does not resolve the problems created by this facially unconstitutional ordinance. No one else who wishes to display the city's seal or flag should have to risk a threatening letter from a public official, or ask the mayor's permission, before engaging in speech or expression that is clearly protected by the First Amendment.

Because the ordinance prohibits a substantial amount of constitutionally protected speech, it has a chilling effect on the speech of others and is therefore subject to an immediate, preenforcement legal challenge by anyone who wishes to display the city seal or flag. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014); *City of Lakewood, supra*; *Nat'l Rifle Ass'n of America v. Magaw*, 132 F.3d 272 (6th Cir. 1997).[1] We urge the city to immediately repeal the ordinance, and in the meantime the city attorney's office should disclaim any intent to enforce it.

Thank you for your prompt attention to this matter, and please do not hesitate to contact us if you wish to discuss it.

Sincerely,

*[signature]*

Dan Korobkin, Deputy Legal Director
ACLU of Michigan
(313) 578-6824
dkorobkin@aclumich.org

*[signature: Gayle Rosen /DK]*

Gayle Rosen, Co-Chair
Washtenaw County ACLU Lawyers Committee

---

[1] We note that if such a lawsuit were brought and an injunction obtained, the city would be required to pay the plaintiff's attorneys' fees pursuant to 42 U.S.C. § 1988. *Lefemine v. Wideman*, 568 U.S. 1 (2012) (per curiam).

# EXHIBIT A

CITY SEAL AND FLAG

AN ORDINANCE TO REPLACE PREVIOUSLY REPEALED CHAPTER 9 (Model Neighborhood Policy Board) OF TITLE I OF THE CODE OF THE CITY OF ANN ARBOR WITH A NEW CHAPTER, WHICH NEW CHAPTER SHALL BE DESIGNATED AS CHAPTER 9 (City Seal and Flag) OF TITLE I OF THE CODE OF THE CITY OF ANN ARBOR

The City of Ann Arbor ordains:

Section 1.   That previously repealed Chapter 9 (Model Neighborhood Policy Board) of Title I of the Code of the City of Ann Arbor be replaced with a new Chapter 9 (City Seal and Flag) of Title I of the Code of the City of Ann Arbor to read as follows:

**CITY SEAL AND FLAG**

**1:240A. – Definitions.**

(1) *City seal* means the official seal of the City of Ann Arbor, which was re-adopted by Resolution R-340-7-74 (7/29/74), or any prior official seal, including any cut, facsimile, reproduction, incorporation, likeness, or derivation thereof, which consists of a circular seal consisting of two concentric circles with the image of a burr oak tree in the center of the inner circle with the wording "Founded 1824" and "Incorporated 1951" within said circle, circumferentially written and centered over and under the burr oak tree respectively, and with the wording "City of Ann Arbor" and "Michigan" within the annulus, circumferentially written and centered over and under the burr oak tree respectively, and the face of which is substantially as set forth below:



(2) *City flag* means the official flag, or any prior official flag, of the City of Ann Arbor, including any cut, facsimile, reproduction, incorporation, likeness, or derivation thereof, which is a rectangle having a height-to-

width ration of 3:5, that is white, with three horizontal yellow stripes separated by two white stripes of equal width horizontally across the center third of the rectangle, with the City seal centered vertically and horizontally in the left half of the rectangle and covering the stripes, and which is substantially as set forth below.



**1:240B. – Custodian.**

The City Clerk or his or her designee is the custodian of the city seal and city flag.

**1:240C. – Use of city seal and city flag for official use.**

(1) The city seal and city flag are the exclusive property of the City of Ann Arbor.

(2) The city seal may be used by city employees and elected or appointed city officials in connection with the performance of official city business or city sanctioned events, including but not limited to, placement of the city seal on city vehicles, equipment, stationery, the city flag, city websites, handouts for city training sessions, city brochures, city presentations, city uniforms and city issued articles of clothing, city news releases, programs and bulletins, city-sponsored events, and city memorabilia used to promote the city.

(3) The City Clerk and his or her designee is authorized to use the city seal on any ordinance, resolution or other instrument approved by the city council or executed by the Mayor, or other city officials, and to use the city seal to authenticate official documents in the conduct of official city business.

(4) The city flag may be flown or otherwise displayed by elected or appointed city officials, and by city employees in connection with

official city meetings, functions, and events.

**1:240D. – Other approved uses.**

 (1) The Mayor may approve other uses of the city seal or city flag by any person for the following purposes, provided that such use promotes the interests of the city and is not detrimental to the image of the city:

  (a) In an encyclopedia, dictionary, book, journal, pamphlet, periodical, magazine or newspaper incident to a description or history of the city seal;

  (b) In a library, museum or educational facility incident to descriptions or exhibits relating to the city seal or the city; or,

  (c) In a theatrical, motion picture, television, or similar production exhibited for a historical, educational or other non-commercial purpose.

 (2) Before any person may use the city seal or city flag pursuant to this section, the using person must:

  (d) Agree that the proposed use of the city seal or city flag shall conform to the permitted uses set forth in the preceding subsection;

  (e) Submit samples of all documents, goods, and other materials upon which the city seal or city flag is to be used sufficient to demonstrate that the proposed use of the city seal or city flag is a faithful reproduction and has not been altered in any manner;

  (f) Acknowledge the right of the city, at all reasonable times, to inspect any item upon which the city seal or city flag is used to ensure that the city seal or city flag is being used appropriately in an unadulterated form; and,

  (g) Execute an agreement approved by the City Attorney containing such terms as he or she may require.

 (3) Any approval for use of the city seal or city flag under this section shall not be assignable or transferable.

 (4) Any approval to use the city seal or city flag under this section shall be limited to only the event or item for which the approval is granted.

(5) If a person who is authorized to use the city seal or city flag pursuant to this section breaches any provisions of any agreement for its use, the City Attorney shall serve written notice of such breach upon the person with a demand to take appropriate and immediate affirmative action to cure such breach. Any failure to cure the breach to the city's satisfaction shall be grounds for the city's termination of permission to use the city seal or city flag and the City Attorney shall pursue all steps reasonably necessary to restrain the improper use of the city seal or city flag.

(6) The city may revoke a person's previously authorized use of the city seal or city flag under this chapter upon finding false or inaccurate information was submitted by the person to the city or that the person violated any provision of this chapter.

**1:240E. – Prohibited uses.**

The use of the city seal or city flag by any person for the following, or for any use not expressly approved or authorized by this chapter, is prohibited:

(1) In support or opposition of any candidate for elective office, referendum, initiative, or ballot measure or in any candidate or committee campaign literature;

(2) Except as expressly provided by this chapter, in connection with any advertisement or promotion for any product, business, organization or service whether offered for sale, profit, or without charge;

(3) On any written or printed materials that are not official city publications, including proposals or other materials that are submitted to the city for any purpose; or

(4) On any written or printed material designed, calculated, intended or likely to confuse, deceive or mislead the public or cause the reader of such written or printed material to believe it to be an official city publication, including circulating or distributing any such written or printed material or to suggest or assert any city support or endorsement of any product, goods or services.

**1:240F – Offense.**

Each violation of any provision of this chapter shall be a civil infraction, punishable by a civil fine of not more than $10,000.00.

**1:240G – Severability and conflicts.**

If any part or portion of this chapter is, for any reason, held or found to be unlawful or unconstitutional by any court of competent jurisdiction, then such part or portion shall be deemed separate, distinct and independent parts or portions and, to the fullest extent lawful, such holding or finding shall not affect the validity of the remaining parts or portions of this chapter. All ordinances or parts of ordinances in conflict with any of the provisions of this chapter are hereby repealed.

Section 2.    This Ordinance shall take effect on the tenth day following legal publication.