# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CITY OF LANSING,

        Plaintiff,

v.

MERICA MEDIA GROUP,
MICHAEL LYNN,
ERICA LYNN.

        Defendants.

Case No. 1:23-cv-01164

Hon. Paul L. Maloney

| | |
|---|---|
| James D. Smiertka (P20608) <br> F. Joseph Abood (P42307) <br> Amanda K. O'Boyle (P81925) <br> Matthew D. Staples (P84571) <br> *Attorneys for Plaintiff* <br> 124 W. Michigan Ave., 5th Floor <br> Lansing, MI 48933 <br> (517) 483-4320 <br> CityAtty@lansingmi.gov | Elizabeth K. Abdnour (P78203) <br> Abdnour Weiker LLP <br> *Attorney for Defendants* <br> 500 E. Michigan Ave., Ste 130 <br> Lansing, MI 48912 <br> (517) 994-1776 <br> Liz@education-rights.com |

## PLAINTIFF'S MOTION TO EXTEND EXISTING TEMPORARY RESTRAINING ORDER

## EXPEDITED CONSIDERATION REQUESTED

NOW COMES Plaintiff City of Lansing, by and through its attorneys, the Office of the City Attorney, pursuant to Federal Rule of Civil Procedure ("FRCP") 65(b)(2), presents a Motion for Extension of the Current Temporary Restraining Order, Expedited Consideration Requested, and states as follows:

1. That a Temporary Restraining Order ("TRO") was issued on November 1, 2023, by Judge Aquilina of the 30th Circuit Court of the State of Michigan;

1

2. That on November 2, 2023, Defendants filed a notice of removal;

3. That the Temporary Restraining Order issued by Judge Aquilina remains in full effect pending its modification or dissolution by this Court. See *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County, etc.* 415 US 423 1113, 1120-1125 (1974);

4. That upon removal, the TRO is governed by FRCP 65(b), and specifically, that the TRO is valid for 14 days per FRCP 65(b)(2);

5. That based on FRCP 65(b)(2) this court may, for good cause, extend that 14 day period for an additional 14 days;

6. That based on FRCP 65(b)(2) the existing TRO would expire on November 15, 2023;

7. That expedited consideration is requested under LCivR 7.1(e) so that the TRO does not lapse pending this court's review of Defendant's Motion for Removal and Plaintiff's Motion for Remand;

8. That this court has not made a determination of subject matter jurisdiction in this matter;

9. That Plaintiffs have filed a Motion for Remand on the basis of subject matter jurisdiction;

10. That no hearing has been held on the merits of Plaintiff's TRO and, as of the date of this filing, none has been scheduled;

11. That at the November 7, 2023, election, the residents of the City of Lansing voted "yes" on the question of a general charter revision;

12. That the "yes" vote means there will be further elections regarding the charter commission ;

13. That Defendants are likely to engage in continued advocacy regarding candidates for the charter commission and issues they would like to see addressed in any potential new charter;

14. That without an injunctive order in place Defendants are likely to resume the improper use of the City of Lansing seal in their advocacy in violation of Michigan campaign finance law;

15. That the issues underlying the original TRO's issuance are ongoing and both parties remain in the same position as they did when the original TRO was issued;

WHEREFORE, for the foregoing reasons and as more fully set forth in Plaintiff's brief in support, Plaintiff City of Lansing respectfully requests this Honorable Court grant Plaintiff's Motion to Extend the Existing Temporary Restraining Order by extending the TRO an additional 14 days, and award all such other relief the court deems appropriate including costs and attorney fees.

Respectfully Submitted,

Date: November 15, 2023

/s/ Matthew D. Staples
James D. Smiertka (P20608)
F. Joseph Abood (P42307)
Amanda K. O'Boyle (P81925)
Matthew D. Staples (P84571)
*Attorneys for Plaintiff*
124 W. Michigan Ave., 5th Floor
Lansing, MI 48933
(517) 483-4320

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CITY OF LANSING,

        Plaintiff,

v.

MERICA MEDIA GROUP,
MICHAEL LYNN,
ERICA LYNN.

        Defendants.

Case No. 1:23-cv-01164

Hon. Paul L. Maloney

---

| | |
|---|---|
| James D. Smiertka (P20608)<br>F. Joseph Abood (P42307)<br>Amanda K. O'Boyle (P81925)<br>Matthew D. Staples (P84571)<br>*Attorneys for Defendants City of Lansing,*<br>*Sagar Kandel, Jameil Bakri, Stephanie*<br>*Kennedy, Aaron Bush, and Christie Chiles*<br>124 W. Michigan Ave., 5th Floor<br>Lansing, MI 48933<br>(517) 483-4320<br>CityAtty@lansingmi.gov | Elizabeth K. Abdnour (P78203)<br>Abdnour Weiker LLP<br>*Attorney for Defendants*<br>500 E. Michigan Ave., Ste 130<br>Lansing, MI 48912<br>(517) 994-1776<br>Liz@education-rights.com |

---

**BRIEF IN SUPPORT OF PLAINTIFFS'S MOTION TO EXTEND
TEMPORARY RESTRAINING ORDER**

**EXPEDITED CONSIDERATION REQUESTED**

**ORAL ARGUMENT REQUESTED**

# Table of Contents

Index of Authorities ................................................................................................................... iii

I.  Introduction ......................................................................................................................... 1

II. Statement of Facts ............................................................................................................... 1

III. Procedural History ............................................................................................................... 1

   a.  Expedited review is necessary to ensure the TRO remains in place while procedural motions are heard. ............................................................................................................ 2

IV. Standard of Review ............................................................................................................. 2

V.  Argument ............................................................................................................................. 3

   b.  Plaintiff is likely to succeed on the merits. ....................................................................... 3

   c.  Plaintiff will suffer irreparable injury based on Defendants' ongoing use of the City Seal. 4

   d.  *Plaintiff will be harmed more by the lack of an injunction than the Defendants will be by its issuance.* ...................................................................................................................... 5

   e.  The *Public Interest Supports issuance of a Temporary Restraining Order.* ........................ 6

VI. Conclusion ........................................................................................................................... 7

## Index of Authorities

**Cases**

*American Systems Consulting, Inc. v. Devier*, 541 F.Supp.2d 1001, 1009 (S.D. Ohio, 2007):.. 2, 6

*Blue Cross & Blue Shield Mut. of Ohio v. Columbia/HCA Healthcare Corp.*, 110 F.3d 318, 322 (6th Cir.1997) ................................................................................................................... 3

*Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir.2004) ................................................................................................................................ 3

*Edward Rose & Sons*, 384 F.3d at 261 ......................................................................................... 3

*PUI Audio, Inc. v. Van Den Broek*, no. 3:21-cv-284, slip op. at 5 (S.D. Ohio, 2021).................... 2

*Rothamel v. Fluvanna County, VA* 810 F. Supp 2d 771, 785 (W.D. VA, 2011) ............................ 4

*U.S. v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004)..................................................... 3

*Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir.1994) ............................................................. 3

**Court Rules**

Federal Rule of Civil Procedure 65 ................................................................................................ 2

I.      **Introduction**

Defendants, Merica Media Group, and its officers, Michael and Erica Lynn, have impermissibly used the official seal of the City of Lansing ("City") to apply the imprimatur of City approval for their privately held political beliefs in the lead up to the November 7, 2023, election. Defendants specifically did so on a flyer advocating for city residents to vote "yes" on the question of a general charter revision of the Charter of the City of Lansing.

II.     **Statement of Facts**

The City of Lansing has established an official City Seal via Resolution #617. Resolution #617 states "[n]ow, therefore, be it resolved the Lansing City Council, sitting in regular session this 17th day of October, 1994, hereby approves the Mayor's design for use as the official logo and Seal of the City of Lansing." (**Exhibit A**: Resolution #617; **Exhibit B**: City Seal). In a Facebook post dated October 15, 2023, Defendants utilized the City Seal without consent by prominently displacing the City Seal in a flyer advocating for city residents to vote "yes" to approve a general revision of the Charter of the City of Lansing. (**Exhibit C**: Flyer). The question of whether to approve such a general revision was put to city residents at the November 7, 2023, election. While the results of that election have not yet been certified, preliminary results indicate that the ballot issue has passed, rendering this legal issue still relevant as the next steps creating a charter revision commission move forward.

III.    **Procedural History**

The City of Lansing filed its Verified Complaint seeking a permanent injunction against Defendants on October 31, 2023. The City also filed a motion for a Temporary Restraining Order ("TRO") and brief in support thereof on the same date. The City's request for a TRO was granted on November 1, 2023. Defendants filed a notice of removal on November 2, 2023.

a. **Expedited review is necessary to ensure the TRO remains in place while procedural motions are heard.**

The current TRO would expire on November 15, 2023, without the Court's intervention. As such, Plaintiff seeks expedited review of its motion to have the TRO extended. Additionally, Plaintiff has filed a motion for remand asking this court to remand the case for lack of subject matter jurisdiction. There has also not yet been a hearing on the merits of the TRO. Given that Defendant's position on the question of the charter revision would appear to have been successful, there is great likelihood that should the TRO expire Defendants will continue to engage in currently prohibited conduct in advocacy for their preferred candidates for the Charter Revision Commission and ultimately any proposed revised charter. Expedited consideration is therefore necessary to ensure that the status quo remains while this court decides on Plaintiff's motion for remand and a substantive hearing can be had on the merits of the TRO.

IV. **Standard of Review**

TROs are governed by Federal Rule of Civil Procedure ("FRCP") 65(b). FRCP 65(b)(2) states that, "The order expires at the time after entry – not to exceed 14 days – that the court sets, unless before that time the court, for good cause, extends it for a like period…". "[T]he Sixth Circuit analyzed the same four factors that must be considered when a claim for injunctive relief is presented when reviewing a district court's order denying extension of a preliminary injunction." *Handel's Enterprises, Inc. v. Schulenburg*, 431 F.Supp.3d 946, 961 (N.D. Ohio, 2020). "In determining whether to extend a TRO, generally a court considers the same factors used in determining whether to issue a TRO." *PUI Audio, Inc. v. Van Den Broek*, no. 3:21-cv-284, slip op. at 5 (S.D. Ohio, 2021). As stated in *American Systems Consulting, Inc. v. Devier*, 541 F.Supp.2d 1001, 1009 (S.D. Ohio, 2007):

The Sixth Circuit Court of Appeals has explained the consequent inquiry involved in addressing either a motion for a temporary restraining order or for a preliminary injunction:

"When ruling on a motion for [injunctive relief], a district court must consider and balance four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir.2004) (quoting *Blue Cross & Blue Shield Mut. of Ohio v. Columbia/HCA Healthcare Corp.*, 110 F.3d 318, 322 (6th Cir.1997) (citations omitted)). See also *U.S. v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004) (quoting *Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir.1994)). That court has further explained that a district court should not consider the foregoing factors as prerequisites to be met; rather, these factors are to be balanced in a weighing of the equities involved. *Edward Rose & Sons*, 384 F.3d at 261.

V.      **Argument**

    b.      **Plaintiff is likely to succeed on the merits.**

By placing the City Seal on a flyer espousing their personal political beliefs, Defendants have impermissibly given the imprimatur of the City to their personal political beliefs. The City of Lansing is prohibited from using public resources to support a political issue by the Michigan Campaign Finance Act, MCL 169.257, *et seq*. The cause Defendants were advocating for in their use of the City Seal, a general charter revision process, passed at the November 7, 2023, election. There will now be campaigns for charter revision commissioners and, eventually, campaigns for passage of a revised charter. Given that Defendants only removed their flyer featuring the city seal after the TRO was initially granted, and given that the same political issue remains, it is likely that should this court allow the TRO to expire, Defendants would again repost their flyer featuring the City Seal. Such a post would again place the City in possible legal jeopardy for appearing to violate MCL 169.257 by appearing to carry the express sanction of the City of Lansing for Defendants' personal political beliefs.

3

Furthermore, Defendants are not engaging in a form of protected, political speech in their use of the City Seal. "The interest in preventing private individuals or entities from conveying the false impression of having governmental sponsorship or approval is surely an important one." *Rothamel v. Fluvanna County, VA* 810 F. Supp 2d 771, 785 (W.D. VA, 2011). The *Rothamel* court, in support of its statement, cites approvingly to 18 USC §713, which prevents the use of the great seal of the United States and other seals related to the federal government (President, Vice President, House, Senate, Congress) "for the purpose of conveying, in a manner reasonably calculated to convey, a false impression of sponsorship or approval by the Government of the United States. . ."

Therefore, Plaintiff is likely to succeed on the merits of its case because Defendants' use of the Seal of the City of Lansing is designed to misrepresent to city residents the imprimatur of City approval of Defendants' personally held political beliefs and such use is not a protected use under the First Amendment.

  **c.**  **Plaintiff will suffer irreparable injury based on Defendants' ongoing use of the City Seal.**

Defendants conduct not only risks embroiling the City in legal battles over perceived violations of the Michigan Campaign Finance Act, but also risks city residents being misled about or feeling disenfranchised in the upcoming campaigns and elections regarding the charter revision. As outlined above, the City's use of public resources to support a ballot question is illegal under Michigan law. To an outside observer, Defendants' post has no indication that it is not an official communication from the City of Lansing. It contained a large City Seal, uses the "our time is now" motto used by the current administration, and contains no other identifying information other than a small Merica 20 to life seal and a non-descript 517 area code phone

number. The post is clearly designed to look like a professional press release. As such, it is likely that an individual would view the flyer as an official communication from the City of Lansing, and, therefore, a campaign finance violation. There is no appropriate legal remedy to such a use. The City's sole recourse is to ask this court to enjoin Defendants use of the Seal in such a manner.

Additionally, Defendants actions are likely to not only confuse but, potentially, disenfranchise residents of the City. As with any political question, there are a wide range of opinions and beliefs aboutmatters for election. There aremany city residents who believe in Defendants' position in favor of a Charter revision and support Defendants' preferred candidates for such a commission. However, there are also many city residents who do not. Defendants' actions in impermissibly placing the imprimatur of city approval on their personal political beliefs risks the alienation and disenfranchisement of those who do not support their position. Again, the City has no adequate remedy at law for such actions, as the damage to its apparent legitimacy in the eyes of its residents is not readily calculated in dollars and cents. Therefore, the City again asks this Court to enjoin Defendants' use of the City Seal to inappropriately give the imprimatur of City approval to their personal political beliefs.

d. **Plaintiff will be harmed more by the lack of an injunction than the Defendants will be by its issuance.**

As illustrated above, Defendants' use of the City Seal in their political advocacy places the City at risk of legal action against it and risks confusing and alienating city residents. In contrast, enjoining Defendants use of the City Seal has almost no impact on their ability to advocate for their preferred candidates for a charter revision commission and any revised charters produced thereby. Defendants areable to make all the posts, flyers, or broadcasts; they

5

would simply not be able to use the City Seal to do so. Defendants' advocacy of their position is not at issue before this court, only their attempt to impermissibly cloak themselves in the trappings of the City to do so. Again, without a temporary restraining order and ultimate injunctive relief, the City bears great risk of litigation and general disfavor, while the Defendants' lose nothing by being so enjoined.

e.     **The Public Interest Supports issuance of a Temporary Restraining Order.**

There is a strong public interest in preventing the use of removal to defeat an otherwise valid TRO as issued by the state courts.

> Plaintiff has correctly argued that, absent an extension, Defendants will have been able to overcome continued injunctive relief simply by removing the case to the federal forum. The state court injunction would have terminated [on the hearing date] if the preliminary injunction hearing scheduled for that date had proceeded, but Defendants' actions prevented that hearing. . . It would be inequitable for Plaintiff to lose a lawfully obtained injunction issued by the state court simply based on the circumstances of scheduling issues.

*American Systems Consulting,* 541 F.Supp.2d at 1009-1010.

Allowing such behavior would weaponize the removal statute and waste precious state and federal judicial resources in the adjudication of otherwise meritless notices of removal designed only to waste time and shield defendants from properly considered and issued TROs.

Additionally, As discussed by the *Rothamel* court above, there is a substantial governmental and public interest in ensuring that private individuals and organizations do not illegitimately convey governmental sanction or sponsorship of their ideas. The public has a right to understand whether a communication is an official statement of their government or the personal beliefs of a private citizen or organization. Otherwise, it is impossible for the public to know if, for example, an email stating that a polling location has moved is a legitimate communication from their elected officials or an attempt by a private actor to disenfranchise

6

them. The Michigan Campaign Finance Act prohibits public sponsorship of candidates and ballot proposals for that very reason. Governmental sponsorship or sanction of a position or ideal extremely powerful. Allowing a private individual or group to usurp that right and speak while cloaked with the power of the State would be of immense damage to the public interest.

VI. Conclusion

But for Defendants' attempted removal of this action, a determination would have been made on November 3, 2023, on Plaintiff's request for a TRO and said TRO would have either been dissolved or converted into a preliminary injunction. Plaintiff's current TRO would expire on November 15, 2023 if not extended by this court. Plaintiff requests that this court extend the TRO an additional 14 days, as allowed by FRCP 65(b)(2), so that Plaintiff's motion for remand can be considered and, if necessary, a hearing be held on the merits of Plaintiff's request for injunctive relief in this matter. As established above, Plaintiff's action meets all the requirements for injunctive relief. Plaintiff is likely to ultimately succeed on the merits, there is risk of irreparable harm, the balancing of the harms greatly favors plaintiff, and there is a strong public policy argument for the continuation of the TRO and ultimate injunctive relief.

Wherefore, for the reasons set forth above, Plaintiff respectfully requests the Honorable Court grant Plaintiff's Motion for an Extension of the Temporary Restraining Order and award all such other relief the court deems appropriate.

Respectfully submitted,

Dated: <u>November 14, 2023</u>

By: <u>/s/Matthew D. Staples</u>
Matthew D. Staples (P84571)
*Attorney for Plaintiff*
124 W. Michigan Ave., 5th Floor
Lansing, MI 48933
(517) 483-4320


## CERTIFICATE OF SERVICE

This is to certify that the Plaintiff's Motion For Extension of the Existing Temporary Restraining Order, Expedited Review Requested, Brief in Support of Plaintiff's Motion Extension of the Existing Temporary Restraining Order, Expedited Review Requested, and the Certificate of Compliance were served via the electronic court filing (ECF) system on the date below.

I declare that the statements above are true to the best of my information, knowledge and belief.

Dated: November 15, 2023

Respectfully submitted,
By: /s/ Matthew D. Staples
Matthew D. Staples (P84571)
*Attorney for Plaintiff*
124 W. Michigan Ave., 5th Floor
Lansing, MI 48933
(517) 483-4320