UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF LANSING,

        Plaintiff,

v.

MERICA MEDIA GROUP,
MICHAEL LYNN,
ERICA LYNN.

        Defendants.

Case No. 1:23-cv-01164

Hon. Paul L. Maloney

| | |
|---|---|
| James D. Smiertka (P20608)<br>F. Joseph Abood (P42307)<br>Amanda K. O'Boyle (P81925)<br>Matthew D. Staples (P84571)<br>*Attorneys for Defendants City of Lansing,*<br>*Sagar Kandel, Jameil Bakri, Stephanie*<br>*Kennedy, Aaron Bush, and Christie Chiles*<br>124 W. Michigan Ave., 5th Floor<br>Lansing, MI 48933<br>(517) 483-4320<br>CityAtty@lansingmi.gov | Elizabeth K. Abdnour (P78203)<br>Abdnour Weiker LLP<br>*Attorney for Defendants*<br>500 E. Michigan Ave., Ste 130<br>Lansing, MI 48912<br>(517) 994-1776<br>Liz@education-rights.com |

**PLAINTIFF'S MOTION FOR REMAND**

NOW COMES Plaintiff City of Lansing, by and through its attorneys, the Office of the City Attorney, pursuant to 28 USC §1447(c), presents a Motion for Remand and states as follows:

1. That 28 USC §1447(c) governs motions for remand, generally;

2. That 28 USC 1447(c) states, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded";

1

3. That, for reasons established more fully in Plaintiff's brief in support of this motion, Plaintiff does not believe that the US District Court for the Western District of Michigan has subject matter jurisdiction in this matter;

4. That 28 USC §1447(c) therefore requires this court to remand the case to the 30th Circuit Court of Michigan;

WHEREFORE, for the foregoing reasons and as more fully set forth in Plaintiff's brief in support, Plaintiff City of Lansing respectfully requests this Honorable Court grant Plaintiff's Motion for Remand, and award all such other relief the court deems appropriate including costs and attorney fees.

Respectfully Submitted,

Date: November 14, 2023

/s/ Matthew D. Staples
James D. Smiertka (P20608)
F. Joseph Abood (P42307)
Amanda K. O'Boyle (P81925)
Matthew D. Staples (P84571)
*Attorneys for Plaintiff*
124 W. Michigan Ave., 5th Floor
Lansing, MI 48933
(517) 483-4320

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF LANSING,

        Plaintiff,

v.

MERICA MEDIA GROUP,
MICHAEL LYNN,
ERICA LYNN.

        Defendants.

Case No. 1:23-cv-01164

Hon. Paul L. Maloney

| | |
|---|---|
| James D. Smiertka (P20608)<br>F. Joseph Abood (P42307)<br>Amanda K. O'Boyle (P81925)<br>Matthew D. Staples (P84571)<br>*Attorneys for Defendants City of Lansing, Sagar Kandel, Jameil Bakri, Stephanie Kennedy, Aaron Bush, and Christie Chiles*<br>124 W. Michigan Ave., 5th Floor<br>Lansing, MI 48933<br>(517) 483-4320<br>CityAtty@lansingmi.gov | Elizabeth K. Abdnour (P78203)<br>Abdnour Weiker LLP<br>*Attorney for Defendants*<br>500 E. Michigan Ave., Ste 130<br>Lansing, MI 48912<br>(517) 994-1776<br>Liz@education-rights.com |

**BRIEF IN SUPPORT OF PLAINTIFFS'S MOTION FOR REMAND**

<u>**ORAL ARGUMENT REQUESTED**</u>

## **Table of Contents**

Index of Authorities ................................................................................................................... iii

    I.      Introduction.................................................................................................................. 1

    II.     Statement of Facts....................................................................................................... 1

    III.    Procedural History ...................................................................................................... 1

    IV.    Standard of Review..................................................................................................... 2

    V.     Argument .................................................................................................................... 2

       a. Plaintiff's Case arises under Michigan Law. ................................................................. 2

       b. Plaintiff's right to relief does not depend on federal law................................................. 3

       c. Only Plaintiff's well-pleaded Complaint, not possible defenses thereto, are to be considered by this court for jurisdictional purposes on the request for removal. ........................ 4

       d. The "complete preemption" doctrine does not apply as no federal statute completely preempting state action and mandating that claims under said statute are removable applies in the instant case. ........................................................................................................................ 5

       e. The City of Lansing has no ordinance regarding the City Seal, and, therefore, the concepts of prior restraint or chilling speech are not applicable.................................................. 6

    VI.    Conclusion ................................................................................................................. 6

# Index of Authorities

## Cases

*Board of Regents of Univ. of Wis. System v. Southworth*, 529 U.S. 217, 229, 120 S.Ct. 1346, 146 L.Ed.2d 193 (2000) ......................................................................................................... 3
*Columbia Broadcasting System, Inc. v. Democratic National Committee*, 412 U.S. 94, 139, n. 7, 93 S.Ct. 2080, 36 L.Ed.2d 772 (1973) ............................................................................... 3
*Dawson v. City of Grand Haven*, 2016 WL 7611556 (2016) ........................................................... 4
*Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 549-550 (6th Cir 2006) ....................... 2, 3, 4
*Johanns v. Livestock Marketing Assn.*, 544 U.S. 550, 553, 125 S.Ct. 2055, 161 L.Ed.2d 896 (2005) ........................................................................................................................... 3
*Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 66-67 (1987) ..................................................... 5
*National Endowment for Arts v. Finley*, 524 U.S. 569, 598, 118 S.Ct. 2168, 141 L.Ed.2d 500 (1998) ........................................................................................................................... 4
*Ohio ex. rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (2008) ............................................................ 4
*Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 553 (6th Cir. 2005) ..................................................... 5
*Pleasant Grove City, Utah v. Summum*, 555 US 460, 468 (2009) ................................................... 4
*Rosenberger v. Rector and Visitors of Univ. of Va.*, 515 U.S. 819, 833, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995) ....................................................................................................... 3
*Rust v. Sullivan*, 500 U.S. 173, 194, 111 S.Ct. 1759, 114 L.Ed.2d 233 (1991) .............................. 3
*The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25 (1913) .................................................... 3

## Statutes

28 USC §1447(c) .............................................................................................................................. 2
MCL 169.201 ............................................................................................................................. 2, 3
MCL 169.257 .......................................................................................................................... 3, 7, 8

I. **Introduction**

Defendants, Merica Media Group, and its officers, Michael and Erica Lynn, have impermissibly used the official seal of the City of Lansing ("City") to apply the imprimatur of City approval for their privately held political beliefs in the lead up to the November 7, 2023 election. Defendants specifically did so on a flyer advocating for city residents to vote "yes" on the question of a general charter revision of the Charter of the City of Lansing.

II. **Statement of Facts**

The City of Lansing has established an official City Seal via resolution #617. Resolution #617 states "[n]ow, therefore, be it resolved the Lansing City Council, sitting in regular session this 17th day of October, 1994, hereby approves the Mayor's design for use as the official logo and Seal of the City of Lansing." (**Exhibit A**: Resolution #617; **Exhibit B**: City Seal). In a Facebook post dated October 15, 2023, Defendants utilized the City Seal prominently in a flyer advocating for city residents to vote "yes" to approve a general revision of the Charter of the City of Lansing. (**Exhibit C**: Flyer). The question of whether to approve such a general revision was put to city residents at the November 7, 2023 election. While the results of that election have not yet been certified, preliminary results indicate that the ballot issue has passed, rendering this legal issue still relevant as the next steps creating a charter revision commission move forward.

III. **Procedural History**

The City of Lansing filed its Verified Complaint seeking a permanent injunction against Defendants on October 31, 2023. The City also filed a motion for a Temporary Restraining Order ("TRO") and brief in support thereof on the same date. The City's request for a TRO was granted on November 1, 2023. Defendants filed their notice of removal on November 2, 2023. It is on this notice that the parties are currently before this court.

1

## IV. Standard of Review

Motions for remand are established by 28 USC §1447(c). A motion for remand based on defect apart from subject matter jurisdiction must be brought within 30 days. *Id.* However, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded. *Id*. (Emphasis added). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 549-550 (6th Cir 2006) (Citations omitted). "The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." *Id.* at 549.

## V. Argument

### a. Plaintiff's Case arises under Michigan Law.

"A claim falls within this court's original jurisdiction under 38 USC §1331 only in those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Eastman,* 438 F.3d at 550. The gravamen of Plaintiff's complaint is that Defendants have engaged in behavior by which they have improperly impersonated Plaintiff to advance their own personal political beliefs, and that doing so risks the appearance of Plaintiff having violated the Michigan Campaign Finance Act, MCL 169.201, *et seq.* Furthermore, to the extent that the Plaintiff has alleged that allowing Defendants to continue to utilize the City Seal for their own personal political purposes would cause confusion and possibly alienate voters, those voters are all residents of the City of Lansing, as are both the Plaintiff and Defendant, and will be voting in an election governed by Michigan law on the issue of a revision to the Charter

2

of the City of Lansing, a purely local issue. The cause of action itself, equitable relief in between citizens of the same county, much less state, does not arise under federal law. Likewise, the underlying reasons for the request, prevention of prosecution under the *Michigan* Campaign Finance Act, MCL 169.201, *et seq.*, and risk of confusion or alienation of local voters are not federal law related. "'[T]he party who brings a suit is master to decide what law he will rely upon'" *Eastman,* 438 F.3d at 550 (citing *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25 (1913)).

      **b.**    **Plaintiff's right to relief does not depend on federal law.**

Additionally, Plaintiff's right to relief does not depend on "the resolution of a substantial question of federal law." *Id.* It is uncontroverted that MCL 169.257 prohibits public bodies from using public goods or services to advocate for a political cause. By placing the City Seal on items related to personal political advocacy, Defendants have engaged in behavior that creates the appearance of City support for their cause, in violation of MCL 169.257. On the face of Plaintiff's complaint in regard to MCL 169.257, there is no question of federal law, much less a substantial question of federal law.

Even accepting, *arguendo*, that federal law underlies some of Plaintiff's claims, the law cited is well settled and needs no further interpretation or resolution. That governmental speech exists and is not constrained by the first amendment is uncontroverted. Justice Alito's substantial analysis, which sites no less than six prior Supreme Court opinions, in *Pleasant Grove v. Sunnum,* shows that extent of precedent on the issue:

> If petitioners [City of Pleasant Grove, UT] were engaging in their own expressive conduct, then the Free Speech Clause has no application. The Free Speech Clause restricts government regulation of private speech; it does not regulate government speech. See *Johanns v. Livestock Marketing Assn.*, 544 U.S. 550, 553, 125 S.Ct. 2055, 161 L.Ed.2d 896 (2005) ("[T]he Government's own speech ... is exempt from First Amendment scrutiny"); *Columbia Broadcasting System, Inc. v. Democratic*

3

*National Committee*, 412 U.S. 94, 139, n. 7, 93 S.Ct. 2080, 36 L.Ed.2d 772 (1973) (Stewart, J., concurring) ("Government is not restrained by the First Amendment from controlling its own expression"). A government entity has the right to "speak for itself." *Board of Regents of Univ. of Wis. System v. Southworth*, 529 U.S. 217, 229, 120 S.Ct. 1346, 146 L.Ed.2d 193 (2000). "[I]t is entitled to say what it wishes," *Rosenberger v. Rector and Visitors of Univ. of Va.*, 515 U.S. 819, 833, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995), and to select the views that it wants to express, see *Rust v. Sullivan*, 500 U.S. 173, 194, 111 S.Ct. 1759, 114 L.Ed.2d 233 (1991); *National Endowment for Arts v. Finley*, 524 U.S. 569, 598, 118 S.Ct. 2168, 141 L.Ed.2d 500 (1998) (SCALIA, J., concurring in judgment) ("It is the very business of government to favor and disfavor points of view"). *Pleasant Grove City, Utah v. Summum*, 555 US 460, 468 (2009).

Michigan has adopted and endorsed the *Pleasant Grove* opinion. "Because the Free Speech Clause does not regulate government speech, and because the freedom of government to speak includes the right to removal of speech with which the government disapproves, Resolution 15-013 . . . did not violate the free speech clause." *Dawson v. City of Grand Haven*, 2016 WL 7611556 (2016) (**Exhibit D**: Dawson v. City of Grand Haven).

Therefore, should this court stretch Plaintiff's right to relief so far as to require consideration of governmental speech, there is no substantial question of federal law that requires resolution, as required by *Eastman*, because, as established above, the very basic principles of governmental speech that would require analysis are well settled.

c.     **Only Plaintiff's well-pleaded Complaint, not possible defenses thereto, are to be considered by this court for jurisdictional purposes on the request for removal.**

Furthermore, while Defendants are correct that Plaintiff has cited to case law regarding the First Amendment in its complaint and brief in support of its motion for a temporary restraining order, Plaintiff has done so only as a preliminary matter in anticipation of the defenses raised by Defendants. "In determining whether a claim arises under federal law, we look only to the well-pleaded allegations of the complaint and ignore potential defenses that the defendant may raise." *Ohio ex. rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (2008). Defendants

4

have loudly and publicly stated that their ultimate legal strategy in defense of the Plaintiff's claims would be to rely on the First Amendment. (**Exhibit E**: Defendants' Response to Plaintiff's cease and desist request; **Exhibit F**: Facebook posts of Defendants regarding "free speech"). Therefore, Plaintiff's efforts to undercut Defendants' potential responsive pleadings should be considered as only an attempt to undermine Defendants' potential defenses and not, of themselves, the gravamen of Plaintiff's complaint.

    d.    **The "complete preemption" doctrine does not apply as no federal statute completely preempting state action and mandating that claims under said statute are removable applies in the instant case.**

"[I]t is only when the federal statutory language demonstrates that that Congress has manifested a clear intent that claims not only be preempted under the federal law, but also that they be removable, that they are deemed to be 'completely preempted.'" *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 553 (6th Cir. 2005) (citing *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 66-67 (1987)). Defendants attempt to categorize Plaintiff's complaint as one sounding in the First Amendment. Assuming, *arguendo*, that such a categorization was proper, it would still fail to fall under the complete preemption exception to the well-pleaded complaint standard because no federal statute expressly preempts state activity in the area *and* states that such claims are removable. "[T]he Supreme Court has demonstrated a reluctance to extend application of the 'complete preemption' doctrine, largely limiting its finding of complete preemption to a handful of federal statutes, the most widely recognized of these being the Labor Management Relations Act . . . and the Employee Retirement Income Security Act." *Id.* Since Defendants have failed to indicate which federal statute would provide for a complete preemption exception in this case, and have the burden of doing so, the exception should not be considered in this matter.

**e.     The City of Lansing has no ordinance regarding the City Seal, and, therefore, the concepts of prior restraint or chilling speech are not applicable.**

In addition to the reasons listed above, this case should be remanded to the state court because there is no statute regarding the use of the City Seal or any other broad, overarching policy that would invoke First Amendment questions. Defendants have attached as an exhibit to their notice of removal and relied upon in their attempts to litigate this matter in the public sphere a letter from the American Civil Liberties Union ("ACLU") to the City of Ann Arbor. In fact, Defendants have argued in footnote 3 of their Notice of Removal that this letter is proof that the City is unlikely to prevail on the merits of its claim. However, the ACLU's letter regards an ordinance passed by Ann Arbor requiring that any use of that city's seal or flag be approved by the city prior to its use and attached a $10,000 civil fine for failure to do so. There is little question that such a broad ordinance is unconstitutional, as indicated by the ACLU's letter to the Ann Arbor. However, the City of Lansing has no such ordinance and requires no such preapproval or places any civil or criminal penalties on "unauthorized" use of its seal. Instead, the City has merely sought to prevent Defendants' use of the City Seal in a manner that could create the false impression of official City support for a political position, in violation of MCL 169.257. Therefore, there is no greater question of chilling speech, prior restraint, or any other First Amendment issue for this court to consider. As such, the state court is the appropriate venue to hear the City's request for narrow, specifically tailored injunctive relief regarding Defendants' ability to apply the imprimatur of official City approval to their personal political beliefs by use of the City Seal.

**VI.     Conclusion**

Defendants' request for removal is an attempt to replace the actual gravamen of Plaintiff's Complaint, Motion, and Brief in support with their preferred interpretation of Plaintiff's actions. Defendants have widely and loudly attempted to litigate this matter in the court of public opinion as an attempt to stifle their supposed free speech rights. However, the plain reading of Plaintiff's complaint demonstrates that the only goals of Plaintiff in this matter are to avoid potential litigation regarding a perceived violation of MCL 169.257 and the possible confusion and alienation of city residents. Both claims sound solely in Michigan law and are appropriately addressed by the court of general jurisdiction (30th Circuit Court) of the county where both Plaintiff and Defendants reside. Removal to the Federal District Court for the Western District of Michigan would serve only to muddy the waters with bombastic claims of first amendment violations, waste precious judicial resources, and, ultimately, force this court to interpret and determine state law. Given the gravamen of Plaintiff's claims lie in state law, that any possible questions of federal law are uncontroverted and well settled, that it is Plaintiff's well-pleaded complaint not Defendant's response thereto that must be considered, and, finally, that the complete preemption doctrine does not apply in this matter, Plaintiff humbly requests that this Honorable court remand this case to state court.

Wherefore, for the reasons set forth above, Plaintiff respectfully requests this matter be remanded to the 30th Circuit Court of Michigan.

Respectfully submitted,

Dated: November 13, 2023

By: /s/Matthew D. Staples
Matthew D. Staples (P84571)
*Attorney for Plaintiff*
124 W. Michigan Ave., 5th Floor
Lansing, MI 48933
(517) 483-4320

**CERTIFICATE OF SERVICE**

This is to certify that the Plaintiff's Motion For Remand, Brief in Support of Plaintiff's Motion For Remand, and the Certificate of Compliance were served via the electronic court filing (ECF) system on the date below.

I declare that the statements above are true to the best of my information, knowledge and belief.

Dated:  <u>November 13, 2023</u>

Respectfully submitted,
By:<u>/s/ Matthew D. Staples</u>
Matthew D. Staples (P84571)
*Attorney for Plaintiff*
124 W. Michigan Ave., 5th Floor
Lansing, MI 48933
(517) 483-4320