UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF LANSING,                        )
              Plaintiff,                )
                                        )        No. 1:23-cv-1164
v.                                      )
                                        )        Honorable Paul L. Maloney
MERICA MEDIA GROUP, *et al.*,           )
              Defendants.               )
_____     )

## ORDER RESOLVING MOTION FOR REMAND

This matter comes before the Court on a motion to remand by the Plaintiff, the City of Lansing. (ECF No. 8). Defendants produce a podcast, and they incorporated Lansing's city seal into a graphic supporting a general character revision on the upcoming ballot. The graphic was posted on Facebook. Plaintiff sought and received a temporary restraining order in state court to stop Defendants from using Plaintiff's city seal. (ECF No. 1-1 at PID 40). Defendants removed the case on the basis of "arising under" jurisdiction. 28 U.S.C. § 1331. The Court will remand this case back to the state court for lack of subject matter jurisdiction.

### I. Legal Standard

Federal district courts have original jurisdiction over all civil actions arising under the Constitution or laws of the United States. 28 U.S.C. § 1331. Under the well-pleaded complaint rule, a federal question must appear on the face of the plaintiff's complaint to create federal jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "A complaint that relies on only state-law claims lacks subject-matter jurisdiction and should therefore be remanded to the state court." *Burzynski v. UAW*, 586 F. Supp. 3d 729, 733

(E.D. Mich. 2022) (citing *Crawford v. TRW, Inc.*, 815 F. Supp. 1028, 1032 (E.D. Mich. 1993)). There are two limited exceptions to the well-pleaded complaint rule. The first exception is where Congress expressly permits removal. *See e.g.*, 15 U.S.C. § 77(p)(c). The second exception—on which Defendants rely—occurs where "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 393 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

## II. Analysis

Counts 1 and 2 of Plaintiff's complaint concern a temporary restraining order and permanent injunction, respectively. (ECF No. 1-1 at PID 10–11). Plaintiff argues that the thrust of its complaint concerns Michigan's Campaign Finance Act. MICH. COMP. LAWS 169.257 (prohibiting public bodies from using public goods or services to advocate a political cause). Plaintiff insists that because Defendants used the city seal on a political flyer, it appears the city endorses Defendant's political message, which was to vote "yes" on the charter revision. Further, Plaintiff asserts that the references to the First Amendment in its complaint were only raised in anticipation of Defendant's potential defenses, including use of the city seal being protected speech. In Plaintiff's view, it is seeking an equitable remedy based on state law, and federal law would only be implicated by Defendants. In their notice of removal, Defendants cite the complete preemption doctrine as an exception to the well-pleaded complaint rule. (ECF No. 1 at PID 3).

A federal cause of action does not appear on the face of Plaintiff's complaint, and the preemption exception to the well-pleaded complaint rule cannot open the doors to federal

jurisdiction here. Plaintiff's claims are not so extraordinary that it would convert its ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. *Metro. Life Ins. Co.*, 481 U.S. at 65. "The scope of complete preemption as recognized by the Supreme Court is extremely limited." *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 585–86 (6th Cir. 1990) (listing the scenarios where the exception can be invoked and declining to extend the preemption doctrine to bankruptcy adjacent proceedings). The fact that this case involves speech does not automatically create federal jurisdiction, and the well-pleaded complaint rule exceptions are inapplicable here.

### III. Conclusion

Plaintiff's complaint does not state a federal cause of action. The complaint does not fall into any recognized exception to the well-pleaded complaint rule. The court lacks jurisdiction.

**IT IS ORDERED** that Plaintiff's motion to remand this case to state court (ECF No. 8) is **GRANTED**.

**IT IS SO ORDERED.**

Date:   November 16, 2023                             /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge